# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**RONALD BRANDON,**

    **Plaintiff,**

                Case No. 2:16-cv-1044

v.

                **CHIEF JUDGE EDMUND A. SARGUS, JR.**
                Magistrate Judge Elizabeth Preston Deavers

**COUNTY OF MUSKINGUM,**
**OHIO,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to Move that Part of Defendants' Answer to Plaintiffs' First Amended Complaint (ECF No. 11) be Stricken (*Plaintiff's Mot.*, ECF No. 14.) Defendants Muskingum County, Steven Welker and Randy Wilson filed a Response to Plaintiff's Motion to Strike (Doc. 14). (*Def. Response*, ECF No. 15). Plaintiff has filed a Reply Memorandum in Support of Motion for Leave to Move that Part of Defendants' Answer to Plaintiff's First Amended Complaint (ECF No. 11) be Stricken. (*Plaintiff's Reply*, ECF No. 16). The matter is ripe for consideration.

### I.    Background

On February 21, 2017, Plaintiff filed his motion for leave to file a motion to strike. (*Plaintiff's Mot.*, ECF No. 14.) Federal Rule of Civil Procedure 12(f) governs motions to strike. There are two parts to the rule. The rule provides that (1) the Court may act on its own, or (2) on motion made by a party within 21 days after being served with the pleading.

> (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f).

In the case at bar, it is uncontested that Plaintiff filed his motion for leave to file a motion to strike after the expiration of the 21 day period provided by Rule 12(f)(2). Plaintiff asserts that, rather than filing an untimely motion to strike, he has filed a motion *for leave* to file a motion to strike:

> [], Fed. R. Civ. P. 12(f)(2) requires that a motion to strike be filed "within 21 days after being served with the pleading." More than 21 days have passed since he was served with the Answer. The plaintiff therefore needs leave from the Court to file a Rule 12(f) motion. Such a motion is meritorious, and leave should be granted.

(Plaintiff's Mot., ECF No. 14, at p. 12.)

Rule 6(b) of the Federal Rules of Civil Procedure permits a court to extend deadlines after the time to act has expired, if there is good cause and the party "failed to act because of excusable neglect." Excusable neglect is an equitable concept that considers "all relevant circumstances" surrounding the failure to act. *Pioneer Inv. Servs. Co., v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 395 (1993). As a general rule, "excusable neglect" does not require that counsel have been faultless, and "inadvertence, mistake, or carelessness" can fall within the rule. *Id.* at 388; 4B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCECDURE § 1165 (4th ed. 2015). In the case at bar, Plaintiff does not offer any reason for the delay in filing a motion to strike, and simply asserts that "[s]uch a motion is meritorious here, and leave should be granted." (Plaintiff's Reply, ECF No.16, at p. 2.) Thus, the Court is not presented with sufficient information to apply the four factors applied in *Pioneer* to determine whether there exists good cause and "excusable neglect." *See* 507 U.S. at 395.

However, the Court has discretion to construe the Federal Rules to "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In the spirit of this rule, the Court will determine whether the motion to strike is meritorious, under Fed. R. Civ. P. (f)(1).

## II. Offensive Collateral Estoppel and Res Judicata

Plaintiff asserts that, in this civil rights action brought pursuant to 42 U.S.C. § 1983, Defendants are barred from re-litigation of a Fourth Amendment issue in a federal civil case where that issue was decided in a prior state court criminal case. (*Plaintiff's Mot.*, ECF No. 14, at p. 7.) In contrast, Defendants assert that "Plaintiff, who was previously a criminal defendant now turned civil plaintiff, is attempting to preclude Defendants Muskingum County, Ohio, Captain Steve Welker and Detective Randy Wilson – who were not parties to, or in privity with parties to, the previous criminal action – from relitigating constitutional issues that were previously determined." (*Def. Response*, ECF No. 15, at p. 2). Plaintiff specifically moves that

> each and every allegation contained in Paragraphs 9 through 13 of the Answer to the First Amended Complaint (ECF No. 11) be stricken under Fed. R. Civ. P. 12(f), for the reason that those allegations are barred by res judicata and/or collateral estoppel as a result of the state appellate court decision in State v. Brandon, 2016-Ohio-271, 58 N.E.3d 444 (5th Dist.), filed herewith.

(*Plaintiff's Mot.*, ECF No. 14, at p. 1.)

Plaintiff ("Plaintiff" or "Brandon") filed a motion to suppress evidence in his state criminal trial, arguing that he was illegally seized and detained and that the two subsequent searches of his person and of his car were illegal. The trial court held an evidentiary hearing and denied the motion to suppress, finding that the "officers acted appropriately and reasonably under the circumstances." However, the trial court did not file written findings of fact or otherwise memorialize its decision. The day after the trial court's ruling denying the motion to

3

suppress, Brandon pleaded no contest to possession of drugs (cocaine) in violation of O.R.C. 2925.11(A). The remaining count was dismissed. *See State v. Brandon*, 2016-Ohio-271, 58 N.E.3d 444 (5th Dist.) (Jan. 25, 2016). (*State v. Brandon*, ECF No. 6-1, ¶¶ 3-5.) Brandon was then sentenced to 11 months in prison. He appealed his conviction, and the state appellate court remanded the case to the trial court to make findings of fact and conclusions of law. The state trial court filed findings of fact and conclusions of law in support of the denial of the motion to suppress, and the appeal was perfected.

On appeal, Brandon contended that "(1) he was arrested without probable cause; (2) there was no reasonable suspicion to justify a Terry stop; and (3) no reasonable suspicion existed to justify a belief that Brandon was armed and dangerous." (*Id.*, at ¶ 13.) In overturning Brandon's conviction, the state appellate court relied on *State v. Lozada*, 92 Ohio St.3d 72, 2001—Ohio—149, 748 N.E.2d 520, which held that it is unreasonable for a police officer to search a driver for weapons before placing him or her in a patrol car if the sole reason for placing the driver in the patrol car during the investigation is for the convenience of the officer. The Supreme Court of Ohio explained that, on the other hand, it *is* reasonable to place a driver in a patrol car and subject him or her to a pat-down search for weapons where putting the person in the patrol car is justified to protect the officer or the driver from danger. *Lozada*, 92 Ohio St.3d, at 81. In applying *Lozada*, the state appellate court held as follows:

> We conclude the officers did not provide sufficient reasons to justify a reasonable belief Brandon was armed and presently dangerous. Accordingly, the pat down search of Brandon was illegal. Further, it was unreasonable for the officers to conduct a pat down search of Brandon before placing Brandon in the unmarked police car and transporting him to the office for questioning.

*Id.*, at ¶ 26.

Plaintiff concedes that "in the present case, the question is whether defendants are in privity with the State regarding its prosecution of Brandon." (*Plaintiff's Mot.*, ECF No. 14, at p. 8.) Plaintiff further asserts that "Brandon was prosecuted by Muskingum County on behalf of the State, and defendants [Detectives] Welker and Wilson testified for the State to justify their search of Brandon, evincing an identity of interests among the defendants and the State to justify their search of Brandon and convict him." (*Id.*) Defendant cites to *O'Kelly v. Russell Tp. Bd. of Trustees*, 675 F.Supp. 389, 392 (N.D. Ohio 1987), but the decision in *O'Kelly* does not support this assertion.

The Sixth Circuit has denied the offensive application of collateral estoppel against Ohio law enforcement officers in cases such as this. In *Wallace v. Mamula*, 30 F.3d 135, 1995 WL 389197 (6th Cir. 1994), the Court held that a defendant police officer in a civil rights lawsuit was not in privity with the State of Ohio in a prior state criminal action. The Court adopted the rationale of the District Court in *Schwab v. Wood*, 767 F.Supp. 574 (D.Del. 1991), which held that a § 1983 plaintiff "could not use the doctrine of collateral estoppel offensively against police officers." *Wallace*, 1995 WL 389197, at *3. The *Schwab* court explained that the officers "did not have an interest which was bound by the previous proceeding. Moreover, they simply had no direct personal interest whatsoever in the state criminal proceeding against Schwab." *Schwab*, 767 F.Supp. at 582. The *Schwab* Court underscored the lack of privity by noting that the officers

> "did not have a full and fair opportunity to litigate the issue since they had no control over the proceeding and they did not participate 'substantially' in the control over the state's presentation of the case. The court also noted that they had no right to appeal the criminal proceeding, all of which denied them a full opportunity to contest the finding. *Id.* at 583."

*Wallace*, 1995 WL 389197, at *3, citing *Schwab*, 767 F.Supp. at 583. The Sixth Circuit explained that, as in *Schwab*, it was incumbent upon the Plaintiff to "show that [Officer] Marmula was in privity with the State of Ohio before the doctrine of collateral estoppel applies." *Id*. The same is true in the case at bar, where the Defendants were not parties. As our sister court has explained,

> The primary reason why collateral estoppel cannot bar the litigation in this proceeding, however, is that defendant [Officer] Barnes did not have a full and fair opportunity to litigate the issue in the first proceeding. He was merely a witness, was not represented by counsel and had no interest in the outcome. In this proceeding, he is exposed to personal liability and damages on a constitutional claim .... The outcome in the first proceeding cannot, therefore, be held to bind him here. *See Williams v. Kobel*, 789 F.2d 463, 470 (7th Cir. 1986).

*O'Kelly*, 675 F.Supp., at 392. In short, "a state court judgment will not be given preclusive effect in a federal action where the party against whom an earlier judgment is asserted did not have a full and fair opportunity to litigate the issue decided by the first court." *Id*. at 391, citing *Allen v. McCurry*, 449 U.S. 90, 101 (1980). These reasons likewise apply to Detectives Welker and Wilson in the case at bar.

Plaintiff also seeks preclusive effect against the County of Muskingum. (*First Amended Complaint*, ECF No. 6, ¶ 32.) Local governments "can be liable under section 1983 for deprivations of federal rights but only if the deprivation was caused by an official municipal policy." *Monell v. New York Dept. of Social Services*, 436 U.S. 658, 691 (1978). However, such liability may not be imposed based on the doctrine of *respondeat superior* "merely because the municipality employs a person who violates constitutional rights." *O'Kelly*, 675 F.Supp. at 394, citing *Monell*, 436 U.S. at 691. The state appellate court decision did not address any policies of the County of Muskingum, and thus the motion to strike the County's answers must be denied as

moot. In any event, an examination of Defendants' Answer, below, would also yield a decision in Defendants' favor.

## II. Defendants' Answer

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's motion ultimately seeks to strike "each and every allegation contained in Paragraphs 9 through 13 of the Answer to the First Amended Complaint (ECF No. 11)" under Fed. R. Civ. P. 12(f). (*Plaintiff's Mot.*, ECF No. 14, at p. 1.) An examination of Defendants' Answer shows that Defendants make no "allegations." Rather, the Defendants' Answers in Paragraphs 9 through 13 are framed as admissions or denials. (*Answer*, ECF No. 11.) Plaintiff specifically asserts the "[t]he defendants' denials are barred by collateral estoppel and res judicata. . . ." (*Plaintiff's Mot.*, ECF No. 14, at p. 5.) The Court examines Paragraphs 9 through 13 of Defendants' Answer below:

***Paragraph 9:***

Plaintiff wishes to strike the denial in Paragraph 9 of the Answer, which responds to Paragraph 15 of the First Amended Complaint, as follows:

Plaintiff's allegation in Paragraph 15 of the Amended Complaint:

15. At all times material hereto, Welker and Wilson were acting under color of State law, in the scope of their employment with, and pursuant to search and seizure policies, practices, procedures, and customs adopted by, the County of Muskingum.

(*First Amended Complaint*, ECF No. 6, ¶ 15.)

Defendants' Answer:

9. Answering Paragraph 15 of the Amended Complaint, Defendants admit only that they were acting under color of state law and within the scope of their employment. Defendants deny the remaining allegations for want of knowledge sufficient to form an opinion as to the truth or falsity thereof;

7

(*Answer*, ECF No. 11, ¶ 9.) The state appellate court did not enter any finding concerning whether the officers acted "pursuant to search and seizure policies, practice, procedure, and customs adopted by, the County of Muskingum." Thus, there can be no implication of res judicata or collateral estoppel. Plaintiff's motion to strike Paragraph 9 of Defendants' Answer is **DENIED**.

*Paragraph 10:*

In Paragraph 10, Defendants admit the allegations of Paragraph 16 of the Amended Complaint. Accordingly, Plaintiff's motion to strike Paragraph 10 is **DENIED as Moot**.

*Paragraph 11:*

In Paragraph 11, Defendants admit the essential allegations of Paragraphs 17 and 18 of the Amended Complaint, but "deny the remaining allegations for want of knowledge sufficient to form an opinion as to the truth or falsity thereof." The denial applies to Plaintiffs' allegation that

> The plaintiff was sentenced to a prison term of 11 months, and served that sentence at North Central Correctional Institution (hereinafter "NCCI") where: (a) the plaintiff was housed in a prison dormitory at NCCI that was unheated in cold weather, was uncooled in hot weather, frequently lacked hot water for washing and showering, and frequently lacked drinking water due to plumbing problems; (b) the plaintiff was forced to eat substandard food; and (c) the plaintiff was deprived of his freedom, the companionship of his family, and life's enjoyment.

(*First Amended Complaint*, ECF No. 6, ¶ 18.) There is nothing in the state appellate court decision that addresses this allegation, and Plaintiff's motion to strike Paragraph 11 of Defendants' Answer is **DENIED**.

*Paragraph 12:*

In Paragraph 12, Defendants admit that the Plaintiff's conviction was reversed by the Court of Appeals. The denial concerns the date and excerpts from the state appellate court decision, and Plaintiff's assertion that a "true copy of the court's decision is filed with this First

8

Amended Complaint as an exhibit, and is incorporated herein." There is no res judicata or collateral estoppel at issue here. Plaintiff's motion to strike Paragraph 12 of Defendants' Answer is **DENIED**.

*Paragraph 13:*

In Paragraph 13, Defendants assert that Paragraphs 20 through 32 of the Amended Complaint "contain legal conclusions to which no responsive pleading is required or appropriate." Defendants are correct. As examples, Plaintiff's Paragraph 21 provides an excerpt of 42 U.S.C. §1983. Paragraph 22 provides an excerpt of the Fourth Amendment to the United States Constitution. (*First Amended Complaint*, ECF No. 6, ¶¶ 21, 22.) Plaintiff's motion to strike Paragraph 13 of Defendants' Answer is **DENIED**.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to Move that Part of Defendants' Answer to Plaintiffs' First Amended Complaint (ECF No. 11) be Stricken (*Plaintiff's Mot.*, ECF No. 14) is **GRANTED in Part** and **DENIED in Part**. Plaintiff's Motion for Leave is **GRANTED**, but the Motion to Strike Defendants' Answer to Plaintiff's First Amended Complaint is **DENIED**.

**IT IS SO ORDERED.**

9-18-2017
**DATE**

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**