IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RONALD BRANDON,

      Plaintiff,

                                        Case No. 2:16-cv-1044
                                        Chief Judge Edmund A. Sargus, Jr.
      v.                                    Magistrate Judge Elizabeth P. Deavers

COUNTY OF MUSKINGUM, *et al.*,

      Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Compel Discovery (ECF No. 25), Defendants' Response (ECF No. 27), Plaintiff's Reply (ECF No. 28), and the parties' supplements to this briefing (ECF Nos. 36, 39, 40). For the reasons that follow, the Motion to Compel is **GRANTED IN PART and DENIED IN PART.**

**I.**

This is a civil rights action under 42 U.S.C. § 1983 against two deputy sheriffs, Steven Welker and Randy Wilson, and the County of Muskingum for alleged violations of his rights under the Fourth Amendment to the United States Constitution. (ECF No. 6.) Plaintiff alleges that Defendants had no articulable suspicion to conduct a pat-down or probable cause to search him or his car. (*Id*.) Plaintiff alleges that, by their misconduct, Defendants caused him to be wrongfully imprisoned and denied the companionship of his family. (*Id*.) Among other defenses, Defendants assert they are entitled to qualified immunity. (ECF No. 11.)

Plaintiff previously served requests for admission, interrogatories, and requests for production of documents on Defendants. (Certification of Compliance of Constance A. Gadell-Newton, ¶ 4, ECF No. 25-1.) Plaintiff later advised Defendants that their responses were inadequate. (*Id.* at ¶ 5; ECF No. 25-2 (copy of discovery requests and Defendants' responses).) Unable to resolve their dispute, Plaintiff filed the Motion to Compel pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37.2, seeking an order compelling Defendants to "fully answer" and "fully comply with" multiple discovery requests. (ECF No. 25.) Defendants responded to the Motion to Compel (ECF No. 27) and Plaintiff filed a reply memorandum (ECF No. 28).

On August 25, 2017, the parties advised the Court during a status conference that they had resolved some of the issues raised in the Motion to Compel. (ECF No. 35 at 1.) The Court determined that the parties' dispute about other outstanding issues would benefit from additional discussion. (*Id.*) The Court therefore directed the parties to meet and attempt to resolve any remaining disputed discovery requests and ordered Plaintiff to file, no later than September 1, 2017, a notice supplementing the Motion to Compel that indicated whether all of the disputed requests had been resolved or, if not resolved, specifically identifying by number which requests remain outstanding. (*Id.*)

On September 1, 2017, Plaintiff advised that Defendants amended some of their responses and that the parties had resolved additional requests, but that disputes regarding other requests remained. (ECF No. 36.) Thereafter, Defendants responded to Plaintiff's supplement, representing, *inter alia*, that they had produced all documents responsive to Plaintiff's discovery requests. (ECF No. 39 at 1–2.) Defendants also provided their amended responses to the remaining disputed requests. (*Id.* at 3–7.)

On September 29, 2017, Plaintiff filed a second notice supplementing the Motion to Compel and updating the status of the parties' discovery dispute. (ECF No. 40.) Plaintiff specifically complained that Defendants' objections to Request for Admission No. 18 ("RFA No. 18") were unacceptable and that Federal Rule of Civil Procedure 36(a)(6) "compels a finding that defendants have admitted RFA No. 18." (*Id*. at 4.) The Court therefore construed Plaintiff's second notice as advising that only the dispute regarding RFA No. 18 remained outstanding. (ECF No. 41 at 1.) Although the Court provided Defendants until October 12, 2017, to respond to Plaintiff's second notice (*id*.), Defendants did not file a response. This matter is now ripe for resolution.

## II.

Federal Rule of Civil Procedure 36 permits a party to, *inter alia*, "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either[.]" Fed. R. Civ. P. 36(a)(1)(A). Therefore, "[r]equests for admission may relate to [facts and] the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule. Nor are requests seeking legal conclusions appropriate when proceeding under Rule 36." *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (quoting 7 Moore's Federal Practice § 36.108 at 36–26 (3d ed. 2008)).

Rule 36 also governs responses and objections to requests to admit:

> **(4) Answer.** If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or

3

> deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> **(5) Objections.** The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(a)(4), (5) (emphasis in original). Rule 36 further provides a mechanism for addressing the sufficiency of an answer or objection:

> The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

Fed. R. Civ. P. 36(a)(6). "A matter admitted under this rule is conclusively established [only for that proceeding] unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

In this case, Plaintiff filed his Motion to Compel pursuant to Federal Rule of Civil Procedure 37, which permits a party to file a motion for an order compelling discovery if another party fails to respond to discovery requests. Fed. R. Civ. P. 37(a)(1). However, as set forth above, Plaintiff challenges the sufficiency of Defendants' objection and answer to RFA No. 18. (ECF No. 40 at 4.) Accordingly, Plaintiff should have filed a motion as to the sufficiency of the objection and answer under Rule 36(a)(6) instead of motion to compel under Rule 37. *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *7 (S.D. Ohio Jan. 28, 2016). In its discretion, however, the Court will construe Plaintiff's motion as having been filed pursuant to Rule 36(a)(6) and will address the merits. *Id*. Plaintiff, the movant, has the burden of showing that Defendants' objections were deficient. *Id*.

**III.**

As set forth above, the parties have resolved all matters raised in the Motion to Compel except RFA No. 18, which seeks the following:

> Admit that, on January 8, 2014, defendants Steven Welker and Randy Wilson were acting in accordance with search and seizure policies, practices, procedures, and customs adopted by defendant Muskingum County (or the Muskingum County Sheriff's Office) when defendants Welker and Wilson searched plaintiff Ronald Brandon's person and his car.

(ECF No. 25-2 at PAGEID # 246.)

Defendants amended their response to RFA No. 18 as follows:

> Objection. This request is vague and fails to cite any specific policy, practice or procedure. Without waiving objection, Defendants cannot admit or deny because the search and seizure policy is based on established constitutional principles such as reasonable articulable suspicion. If a judge or jury finds that the alleged searches in this case did not violate the constitution, then Defendants Wilson and Welker would be acting within policy. If a judge or jury finds that the alleged searches in this case did violate the constitution, then Defendants Wilson and Welker have acted contrary to policy. Defendants Wilson and Welker believe that they were acting in accordance with Muskingum County Sheriff's Office policy.

(ECF No. 39 at 3.)

Plaintiff contends that RFA No. 18 was a valid request under Rule 36(a) asking for application of law to fact. (ECF No. 40 at 4.) Plaintiff accepts Defendants' statement that "Wilson and Welker believe that they were acting in accordance with Muskingum County Sheriff's Office policy." (*Id*.) However, Plaintiff goes on to contend that Defendants' amended response is non-compliant with Rule 36(a) "because it is neither an admission or denial." (*Id*.) Plaintiff contends that Defendants' "repeated objections" are unacceptable and obscure whether this response is an admission. (*Id*.) Plaintiff therefore asks this Court for an order finding that Defendants have admitted RFA No. 18.

5

After reviewing RFA No. 18, Defendants' objection and response, and Plaintiff's argument, the Court finds that the individual Defendants, Steven Welker and Randy Wilson, have admitted RFA No. 18 because these Defendants "believe that they were acting in accordance with Muskingum County Sheriff's Office policy." (ECF No. 39 at 3.) Defendant County of Muskingum ("the County"), however, has provided a qualified answer under Rule 36(a)(4). As set forth above, the County states that its search and seizure policy is based on constitutional principles. (*Id*.) The County explains that whether or not Defendants Wilson and Welker were acting in accordance with such policy thus depends on whether a judge or jury finds that the alleged searches did or did not violate the Constitution. (*Id*.) In other words, the County's answer depends on the resolution of law and fact. Based on the present record, the Court finds the County's objection justified and finds its qualified answer sufficient under Rule 36.

**IV.**

In sum, as it relates to Request for Admission No. 18, Plaintiff's Motion to Compel (ECF No. 25) is **GRANTED IN PART AND DENIED IN PART** consistent with the foregoing. As it relates to all other matters, Plaintiff's Motion to Compel is **DENIED AS MOOT**.

**IT IS SO ORDERED.**


Date: November 2, 2017              /s/ *Elizabeth A. Preston Deavers*
                                     ELIZABETH A. PRESTON DEAVERS
                                     UNITED STATES MAGISTRATE JUDGE